IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTORIA IHEZIE,#A88 744 918        *

v.                                  * CIVIL ACTION NO. JFM-10-165

ERIC H. HOLDER, et al.              *
                                   ***

MEMORANDUM

On January 22, 2010, this counseled 28 U.S.C. § 2241 Petition For Writ of Habeas Corpus was received for filing. According to the Petition, Petitioner was placed in removal proceedings in 2008 due to unspecified convictions. She alleges that in 2009, she applied for political asylum and withholding of removal under the Convention Against Torture ("CAT"), which was denied by an immigration judge ("IJ"). The Board of Immigration Appeals ("BIA") affirmed the decision and order of the Immigration Court.

Petitioner claims that she was the victim of severe physical and psychological torture at the hands of a "powerful and influential [Nigerian] relative," who is also alleged to have caused the deaths of her father, brother, and other relatives. She fears additional torture at the hands of this relative and other Nigerian public officials if she is returned because she has made public accusations against the relative in Nigeria. Petitioner is also concerned that if she is returned to Nigeria she will be a victim of female genital mutilation because of "the male-dominated and male-controlled society and culture in Nigeria."

Petitioner seeks release from Immigration and Customs Enforcement ("ICE") detention, invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001). She argues that she is being held without bail in an arbitrary and unreasonable manner and her family is suffering and will continue to suffer

irreparable injury because of Respondents' refusal to release her. She complains that she has been detained for almost two years without bail. Petitioner additionally asks that she not be transferred out of the jurisdiction.

Counsel for ICE was notified that the Petition had been filed. He has filed a preliminary response and notice of intent to remove. For reasons to follow, the Petition shall be dismissed.

According to ICE counsel, Petitioner entered the United States in 2001 as a non-immigrant visitor who was authorized to stay for six months. She overstayed her visit. In May of 2008, she was convicted in the District Court for Prince George's County, Maryland of fraud/identity theft and theft scheme for which she was sentenced to 18-month and five-year terms. On July 3, 2008, Petitioner was served with a final administrative order, which ordered her removal from the United States under § 237(a)(2)(iii) under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(iii), as an alien convicted of an aggravated felony.

Petitioner applied for asylum, withholding of removal, and protection under the CAT. On February 19, 2009, the IJ denied all applications. Her appeal to the BIA was dismissed on July 31, 2009. Petitioner, who was represented by counsel before the IJ and BIA, did not file a petition for review of the BIA decision with the United States Court of Appeals for the Fourth Circuit as provided for under the law. *See* 8 U.S.C. § 1252(a).

Title 28 of the United States Code § 2241(a), gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). An application for a writ of habeas corpus "shall allege...the name of the person who has custody over him and by virtue of what claim or authority, if

known." 28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. at 494-95; *Guerra v. Meese,* 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission,* 648 F. Supp. 479, 480 (D. Md. 1986). The district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition. See *Lee v. Wetzel,* 244 F.3d 370, 373 (5th Cir. 2001). This requirement is determined *at the time the petition is filed. Id.* at 370 n. 5 ( citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1988) ("Jurisdictional facts must be judged as of the time the complaint is filed.")).

According to ICE, petitioner was moved from Maryland to the Jena-Lasalle Detention Facility in Jena, Louisiana on January 19, 2010, and is scheduled to be removed from the United States on or about January 26, 2010. Thus, at the time this petition was filed Petitioner was held outside the territorial jurisdiction of this District. This Court has no jurisdiction to adjudicate her 28 U.S.C. § 2241 petition.

Further, even if this Court had personal jurisdiction over petitioner's custodian, which it does not, it would find that Petitioner's confinement does not violate *Zadvydas.* Title 8 U.S.C. §1231(a)(6) authorizes the Attorney General either to release or continue to detain an alien. Section 1231(a)(6) provides that an alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(c), 1227(a)(2), or 1227(a)(4) of this title, or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In *Zadvydas*, the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 700. If the Government response fails, the petitioner may be entitled to release from detention. *Id.*; *see also Clark v. Martinez*, 543 U.S. 371 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

ICE counsel argues that because Petitioner could not be removed during the administrative adjudication of her asylum, withholding of removal, and CAT applications, her removal order was not final and her six-month-post-removal-order period under *Zadvydas* did not commence until July 31, 2009, when the BIA dismissed her appeal. *See* 8 C.F.R. § 208.5(a) (alien in custody may not be removed before final decision on application for asylum, withholding of removal, or CAT protection). ICE claims that the *Zadvydas* period will expire on January 31, 2010, and Petitioner is scheduled to be removed on or about January 26, 2010. In light of this information, it appears that Petitioner's release and removal is imminent. Consequently, she cannot establish that her post-removal-order detention violates either procedural or substantive due process under § 1231(a)(6) and

*Zadvydas* because she cannot show that her detention is indefinite or that there is no likelihood of her removal occurring in the reasonably foreseeable future.[1] The Petition will be dismissed.

Date: 1/25/10

William D. Quarles, Jr.
United States District Judge

---

[1] In addition, 8 U.S.C. § 1252(a) substantially modifies the route aliens must take to seek judicial review of an order of removal. Under 8 U.S.C. § 1252(a)(5), authority to consider a challenge to a final order of removal is within the sole and exclusive jurisdiction of the circuit courts. *See Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006); *Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006); *see also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (9th Cir. 2006) (RIDA restores circuit court jurisdiction to review constitutional claims or questions of law). Therefore, to the extent that Petitioner may be raising a constitutional challenge to the immigration courts' decisions to deny her asylum withholding, and CAT applications, the circuit, not the district, court is the appropriate forum in which to so do.

5